UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYLON ALEXANDER,
Plaintiff,
v.

RJH TRANSPORTATION LLC,
and
RJH COURIERS LLC,
and
ROBERT SIBERT,
Defendants.

Case No. 17-CV-12892-MOB-RSW

Hon. Marianne O. Battani

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS RJH TRANSPORTATION LLC, RJH COURIERS LLC, AND ROBERT SIBERT**

Pursuant to FED.R.CIV.P. 55(b), Plaintiff Dwaylon Alexander (hereinafter "Alexander"), hereby moves the Court for default judgment against RJH Transportation LLC, RJH Couriers LLC, and Robert Sibert (collectively "RJH"). In support of this motion, Alexander shows the Court as follows.

## Relevant Facts

### I. Procedural history

On August 31, 2017, Alexander filed an action under the Fair Labor Standards Act ("FLSA"), as amended, and the Michigan Worker Opportunity Wage Act ("MWOW Act") arising out his employment with RJH. (ECF No. 1.) Alexander's complaint alleged RJH violated both the FLSA and the MWOW Act by failing to pay Alexander overtime premium compensation. (ECF No. 1, ¶ 1.)

On September 18, 2017, Defendants RJH Transportation LLC, RJH Couriers LLC, and Robert Sibert were served the Summons and Complaint. (ECF No. 5.) After receiving no answer from RJH, or its counsel, Alexander's Counsel sent a letter by email and U.S. mail, indicating that RJH was in default, and requesting RJH contact Alexander's Counsel. (Johnson Decl., ECF No. 15, at ¶ 5; Johnson Decl. Ex C, ECF No. 15-3.) Alexander's Counsel had previously exchanged settlement offers with RJH via email. (Johnson Decl., ECF No. 15, at ¶ 4; Johnson Decl. Ex D, ECF No. 15-4.) To date, no answer has been filed by RJH. (Johnson Decl., ECF No. 15, at ¶ 6.) On January 5, 2018, Alexander filed his Request for Clerk's Entry of Default. (ECF No. 7.) The Clerk entered default against each of the three Defendants on January 8, 2018. (ECF Nos. 8-10.)

## II. Alexander alleged violations of the FLSA and Michigan's wage and hour laws arising out of RJH's failure to pay overtime compensation.

In his Complaint, Alexander alleged that he was entitled to overtime compensation, worked over forty hours in various workweeks within the statutory period, and was not paid the requisite overtime premium compensation. (ECF No. 1.) Alexander's Complaint alleges RJH unlawfully violated the FLSA[1] by failing to pay overtime compensation. Those allegations, in sum are:

> [Defendant Sibert] has had operational control over RJH Transportation, including control over RJH Transportation's practices and policies regarding hours worked and payroll that applied to [Alexander] (ECF No. 1., at ¶ 14.)

[1] Although Alexander also brought claims under Michigan's wage and hour laws, the recovery under Michigan law parrots the FLSA in this matter.

[Alexander] was employed as a driver by Defendants. (ECF No. 1., at ¶ 17.)

[Alexander] reported directly to Defendant Sibert and his wife Jennifer Sibert, who held the title of Office Administrator. Both Defendant Sibert and his wife granted or denied requests for vacation, sick time and other leave with Defendant Sibert having the ultimate say. (ECF No. 1., at ¶ 21.)

[Alexander] regularly worked 60 to 70 hours in a workweek. (ECF No. 1., at ¶ 23.)

[RJH] suffered or permitted [Alexander] to work in excess of forty hours in various workweeks. (ECF No. 1., at ¶ 24.)

[RJH] regularly failed to compensate [Alexander] at a rate of one and one-half times his regular rate for hours worked in excess of forty in a given workweek. (ECF No. 1., at ¶ 25.)

For example, for the pay period beginning on November 30, 2015 and ending on December 13, 2015, [RJH] compensated [Alexander] for 113.45 hours of work at rate of $12.00 per hour without any additional pay for overtime premium compensation for the hours he worked over forty in that workweek. (ECF No. 1., at ¶ 26.)

[RJH's] actions as alleged herein were willful, dilatory, and unjust and have deprived [Alexander] of all compensation owed to him pursuant to the FLSA or, alternatively, the MWOW Act. (ECF No. 1., at ¶ 29.)

Between approximately June 1, 2015 to approximately September 13, 2016, [Alexander] was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of [RJH Transportation, RJH Couriers, and Sibert]. (ECF No. 1., at ¶ 31-33.)

Between approximately June 1, 2015 to approximately September 13, 2016, [RJH] was an employer of [Alexander] within the meaning of the FLSA. (ECF No. 1., at ¶ 34-36.)

> Between approximately June 1, 2015 to approximately September 13, 2016, [RJH] was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). (ECF No. 1., at ¶ 37-39.)
>
> [RJH's] violated the FLSA by failing to account for and compensate [Alexander] for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek. (ECF No. 1, at ¶ 41.)
>
> [RJH's] failure to properly compensate [Alexander] was willfully perpetrated. [RJH has] not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, [Alexander] is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b). (ECF No. 1, at ¶ 42.)

## III. Calculation of damages for RJH's failure to pay overtime compensation for hours worked by Alexander over forty in a workweek

RJH hired Alexander on approximately June 1, 2015 and he worked for RJH as a driver until approximately September 13, 2016. (ECF No. 1, at ¶ 17.) Alexander was compensated at a rate between $9.00 and $12.00 per hour for all hours worked, including those hours over forty in a workweek. (ECF No. 1, at ¶ 22-23; Alexander Decl., ECF No. 17, at ¶ 4.) While working for RJH, Alexander regularly worked in excess of forty hours in numerous workweeks. (ECF No. 1, at ¶ 23.)

Based on the review of Alexander's time and payroll records as well as his direct payroll bank deposits, RJH failed to pay unpaid overtime wages in the amount of $6,861.35. (Alexander Decl., ECF No. 17, at ¶ 8; Alexander Decl. Ex. A, ECF No. 17-1.) To determine the number of hours worked, Alexander relied upon his timesheets, paystubs, and bank deposit records. (Alexander Decl., ECF No. 17,

at ¶¶ 6-7; Alexander Decl. Exs. A-C, ECF No. 17-1-3.) Alexander's damages in this matter are calculated by taking the number hours he worked each workweek in the statutory period and multiplying that by one-half his regular rate. (Alexander Decl., ECF No. 17, at ¶¶ 6-8; Alexander Decl. Ex. A, ECF No. 17-1.) When that number is doubled on account of liquidated damages, it is $13,722.70. (Alexander Decl., ECF No. 17, at ¶ 9.)

### IV. Attorneys' Fees and Costs.

In addition to the above $13,722.70 in damages, Alexander seeks recovery of his reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b). To date, Alexander's fees are $13,187.00 and his costs are $562.61. (Johnson Decl., ECF No. 15, ¶ 22.) Filed as an attachment to Larry A. Johnson's Declaration as Exhibit A is a verified statement of fees worked by Hawks Quindel, S.C. (Johnson Decl. ECF No. 15, ¶ 23; Johnson Decl. Ex. A., ECF No. 15-1.) Filed as an attachment to Larry A. Johnson's Declaration as Exhibit B is a verified statement of costs incurred by Hawks Quindel, S.C. (Johnson Decl. ECF No. 15, ¶ 24; Johnson Decl. Ex. A., ECF No. 15-2.) Also submitted is a declaration from Katherine Holiday and statement of fees incurred by Mahany Law Firm. (Holiday Decl. ECF No. 16; Holiday Decl. Ex. A, ECF No. 16-1.)

## Argument

The decision to enter a default judgment is within a district court's discretion. When a defendant has been served with a complaint and fails to respond in any way, rule 55(a) authorizes the court to enter judgment by default. RJH's failure to

respond to Alexander's Complaint is grounds for this Court to enter a default judgment.

A default judgment under FED.R.CIV.P. 55 is a two-step process. The clerk must first enter the party's default if they have failed to plead or otherwise defend a lawsuit. FED.R.CIV.P. 55(a). Once a default is entered by the clerk, a party may move for default judgment pursuant to either FED.R.CIV.P. 55(b)(1) or (2).

Upon entry of default against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint. *Ford Motor Co v Cross*, 441 F Supp 2d 837, 846 (ED Mich, 2006). When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true. *Id.* at 848. Fed.R.Civ.P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect. *Id.* "When the court has sufficient information from the existing record to determine the amount of damages, further inquiry or an evidentiary hearing is unnecessary. The court may fix the amount of damages and render judgment based on the record." 10-55 Moore's Federal Practice - Civil § 55.32 (2018). The Court "need not hold an evidentiary hearing with oral testimony." *Id.* Rather, the Court may simply ask "the parties to submit affidavits and other materials from which the court can decide the issue." *Id.*

Based on the well pleaded fact, Alexander has established that RJH has violated the FLSA by failing to pay him overtime premium compensation.

Therefore, Alexander is entitled damages, an equal amount of liquidated damages, and his attorneys' fees and costs.

## I. The now admitted factual allegations in Alexander's Complaint establish RJH failed to pay overtime compensation under the FLSA.

Alexander's claims arise out to the FLSA and MWOW Act. The FLSA requires that covered employees working more that forty hours in a workweek receive compensation for their employment in excess of the hours above forty at a rate not less than one and one-half times the regular rate at which they are employed. 29 U.S.C. § 207(a). To demonstrate a violation of the FLSA, plaintiffs must establish: (1) that an employer employed them; (2) that the employer is an enterprise engaged in interstate commerce covered by the FLSA; (3) that plaintiffs worked in excess of a 40–hour workweek; and (4) that the employer did not pay any overtime wages to them. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 fn. 68 (11th Cir. 2008) (citing 29 U.S.C. § 207(a)).

Alexander has established that RJH employed him (ECF No. 1, at ¶ 17), that RJH is an enterprise engaged in commerce (ECF No. 1, at ¶ 37-38), that he worked in excess of forty hours in various workweeks (ECF No. 1, at ¶¶ 23, 24, 41), and that RJH did not pay him overtime premium compensation (ECF No. 1, at ¶¶ 1, 26).

Certain employees are exempt from the overtime protections of the FLSA. *See* 29 U.S.C. § 213. However, those exemptions are affirmative defenses for which the employer bears the burden of proof. *Arnold v. Ben Kanowsky. Inc.*, 361 US 388, 394 fn. 11 (1960). Because Defendants have not answered Alexander's Complaint,

no affirmative defenses have been plead, and therefore any exemptions are no longer at issue.

Based on the well pleaded facts in Alexander's Complaint, which are now admitted, RJH has violated the FLSA by failing to pay Alexander overtime compensation. *See* 29 U.S.C. § 216(b). Alexander worked 1,156 hours of unpaid overtime and his overtime premium rates ranged from $4.50 to $6.00 per hour. (Alexander Decl. Ex. A, ECF No. 17-1.) In total, RJH failed to pay Alexander $6,861.35 of overtime premiums. (Alexander Decl. Ex. A, ECF No. 17-1.)

**II. In addition to his unpaid overtime wages, Alexander is legally entitled to liquidated damages, in addition to recovering his attorneys' fees and costs.**

Under 29 U.S.C. § 216(b), an employer who is liable for unpaid overtime wages under Section 207 "shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation, … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

**A. Liquidated damages are mandatory in this matter as RJH did not plead a good faith defense under 29 U.S.C. § 260.**

Liquidated damages represent compensation to the employees and are not designed as a penalty to the employer. *Brooklyn Sav. Bank v. O'neil*, 324 U.S. 697 (1945). A defendant can avoid some or all of a liquidated damages award only if they can prove that they had both an objective and a subjective basis for believing that their pay practices were in compliance with the law. 29 U.S.C. § 260. Double damages, however, are the norm, and single damages are the exception in FLSA

cases. *Avitia v. Metropolitan Club of Chicago Inc.*, 49 F.3d. 1219, 1223 (7th Cir. 1995). Finally, under 29 U.S.C. § 216(b), "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In addition to the damages provisions above, where a violation of the FLSA is proven to be willful or with reckless disregard for the law, the two-year statute of limitations is extended to three years. 29 U.S.C. § 255; *McLauahlin v Richland Shoe Co.*, 486 US 128, 133 (1988). RJH failure to pay overtime compensation was willfully perpetrated. (ECF No. 1., at ¶ 29.)

**B. Attorneys' and costs are also appropriate in this matter.**

Attorneys' fees and costs are recoverable under the FLSA and Michigan wage and hour laws. *See* 29 U.S.C. § 216(b) and Mich. Comp. Laws § 408.419(1)(a). The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Toliver v. JBS Plainwell, Inc.*, 2016 U.S. Dist. LEXIS 4642, *13, 2016 WL 165031 (W.D. Mich. Jan. 14, 2016) (citing 29 U.S.C. § 216(b)). While an award of fees and costs is mandatory to a prevailing party, the amount of the award is within the sound discretion of the Court. *Id.* (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)). The primary concern in evaluating a request for an attorney's fee "is that the fee awarded be reasonable." *Id.* (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Id.* (internal quotation marks omitted) (alteration in

original). Since the FLSA does not discuss what constitutes a reasonable fee, "[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court." *Id.* at 14. (citing *Fegley*, 19 F.3d at 1134). The "lodestar method" of calculation, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," is "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

Alexander's Counsel has spent over 52.9 billable hours on this matter (31.3 hours by Claire G. Roehre, 10.9 hours by Larry A. Johnson, 1.1 hours by Summer H. Murshid, 2.4 hours by Timothy P. Maynard, and 6.6 hours by Katherine Holiday) investigating, reviewing payroll and time records, calculating damages, attempting to negotiate a settlement with RJH, exchanging communications with RJH, drafting and filing a complaint, further attempts to negotiate with RJH, moving for default, and moving for a default judgment. (Johnson Decl., ECF No. 15, ¶ 25.). The hours of work expended by Attorneys Roehre, Johnson, Murshid, Maynard, and Holiday were reasonable and necessary to avoid litigation if possible, and obtain a default judgment for the Alexander. (Johnson Decl. Ex. A, ECF No. 15-1.)

The respective hourly rates for Attorneys Roehre ($200.00), Johnson ($350.00), Murshid ($350.00), Maynard ($275.00), and Holiday ($295.00) are reasonable and have been previously been approved as such in a similar matter before the U.S. District Court for the Eastern District of Wisconsin. *See Nuchell v. Cousins Submarines, Inc.*, Case No. 16-cv-232-pp, ECF. No. 61 (E.D. Wis. Dec. 5,

2017); *Wescher v. Chem-Tech International et al*, 2:13-cv-00229-PP, ECF No. 154 (E.D. Wis. 2017.) Further supporting the hourly rates requested, the district court in *Lamar Adver, Co. v. Charter Twp. Of Van Buren*, relied heavily on a 2003 survey of Michigan law firm billing rates to determine the reasonable billing rate in the prevailing market for competent counsel in the Eastern District of Michigan. *Lamar Advertising Co v. Charter Twp of Van Buren*, 178 F App'x 498, 500 (6th Cir. 2006). The State Bar of Michigan's Economics of Law Practice in Michigan is an acceptable source. *Toliver v JBS Plainwell, Inc*, 2015 U.S. Dist. LEXIS 174766, at *17 (WD Mich, Aug. 20, 2015). The *Toliver* Court turned to the "mean" hourly rate for plaintiff attorneys who practice in the area of employment law — the subject matter most closely analogous to an FLSA case. *Id.* at *18. According to the 2017 State Bar of Michigan's Economics of Law Practice in Michigan Survey, the "mean" hourly rate for plaintiff attorneys who practice in the area of employment law is approximately $313.00.[2] The weighted average hourly rate requested by Alexander's Counsel is $249.28 ($13,187 in fees divided by 52.9 hours worked). (Johnson Decl., ECF No. 15, ¶ 26.). The hourly rates requested are reasonable.

In addition, Alexander's Counsel has incurred $562.61 in costs in filing and serving process in this matter. The total fees and costs requested in this matter is $13,749.61.

## Conclusion

Having plead facts sufficient to establish, as a matter of law, that RJH is liable for willful violations of the FLSA, Alexander is entitled to damages for unpaid

[2] https://www.michbar.org/file/pmrc/articles/0000153.pdf (last accessed March 2, 2018).

overtime wages and liquidated damages in the amount of $13,722.70. Alexander is also entitled to his costs and attorneys' fees and costs in the amount of $13,749.61. Alexander respectfully requests that a judgment in the amount of $27,472.31 be entered.

Dated this 2nd day of March, 2018.

***s/LARRY A. JOHNSON***
Larry A. Johnson
Wis. Bar Number 1056619
Summer Murshid
Wis. Bar Number 1075404
Timothy Maynard
Wis. Bar Number 1080953

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com

Attorneys for Plaintiff