UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYLON ALEXANDER,
Plaintiff,
v.

RJH TRANSPORTATION LLC,
and
RJH COURIERS LLC,
and
ROBERT SIBERT,
Defendants.

Case No. 17-CV-12892-MOB-RSW

Hon. Marianne O. Battani

# DECLARATION OF LARRY A. JOHNSON

I, Larry A. Johnson, certify under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

1. The statements set forth in this declaration are made of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

2. I am an adult resident of the State of Wisconsin and am an attorney in good standing, licensed to practice in Wisconsin and before the Eastern District of Wisconsin. My Wisconsin State Bar Number is 1056619. I have been admitted to practice before the Eastern District of Michigan.

3. I have been lead counsel on this matter since initially meeting with the client.

4. Prior to filing the complaint, I attempted to resolve Alexander's legal claims with RJH Transportation LLC, RJH Couriers LLC, and Robert Sibert

(collectively "RJH") via an exchange of letters and emails. The email address by which RJH responded was rjhtransportation@gmail.com. Exhibit D is a true and correct correspondence between Ms. Jennifer Sibert and I regarding Alexander's legal claims.

5. After receiving no answer from RJH Transportation LLC, RJH Couriers LLC, and Robert Sibert (collectively "RJH"), or its counsel, I sent a letter by email and U.S. mail, indicating that RJH was in default, and requesting RJH contact Alexander's Counsel. I received no response from that communication. Exhibit C is a true and correct copy of the correspondence I sent to RJH by email and US Mail.

6. To date, no answer has been filed by RJH.

7. I have practiced law in Milwaukee, Wisconsin since 2006 and I have spent that time as a labor and employment litigator, focusing on wage and hour law. After working at Cross Law Firm, S.C. for approximately six years, I joined Hawks Quindel, S.C. in March of 2013 as an associate attorney. My practice has focused on litigation and appellate work, in the areas of civil rights and employment law.

8. I was a Board Member of the Wisconsin State Bar's Labor and Employment Section and was elected to and served as chair of the Section in 2015. I am also a member of the National Employment Lawyers Association, the National Employment Law Project, and the Wisconsin Employment Lawyers Association.

9. I have presented at multiple CLE seminars on various labor and employment matters, including being invited to speak specifically on wage and hour issues. Those CLE presentations include, but are not limited to the following:

a. 2016 - Conducting a Wage & Hour Compliance Audit - Health Labor and Employment Law Institute, Wisconsin Dells, WI.

b. 2016 - Conducting a Wage & Hour Compliance Audit – State Bar of Wisconsin Annual Meeting and Conference, Green Bay, WI.

c. 2014 – *The Broadening Scope of Successor Liability to FLSA Claims* - OAJ Advanced Wage and Hour Issues CLE – Park City, Utah.

d. 2013 – *Avoid Wage & Hour Landmines: FLSA & Wisconsin Law* – Health.

e. 2013 - *Wage and Hour Law: Claim Spotting and Case Law Round Up* - Milwaukee Bar Association, Labor and Employment Section.

f. 2012 - *Retaliation and Whistleblower Claims in Employment Law* - Health Law and Labor & Employment Law Institute.

g. 2010 - *Wage and Hour Law: A Nuts and Bolts Primer* – Wisconsin Employment Lawyers Association Luncheon.

h. 2010 - *Issues in Collective and Class Actions Under the FLSA* – Marquette University Law School Employment Law Panel.

i. 2008 - *Issues and Trends in Wage and Hour Litigation* – Wisconsin State Bar Annual Convention.

10. I have litigated numerous wage and hour actions on behalf both individuals and in multi-plaintiff litigation, including class and collective actions. The great majority of those cases are filed in either the Eastern or Western Districts of Wisconsin:

- *Rulli v. CB Richard Ellis Inc* – E.D. Wis. Case No. 2:09-cv-00289-PJG;
- *Vang v. Kohler Co*– E.D. Wis. Case No. 2:09-cv-00842-WEC;
- *Williams v. Cargill Meat Solutions Corp*– E.D. Wis. Case No. 2:09-cv-01006-LA;
- *Teed v. JT Packard & Associates Inc et al*– E.D. Wis. Case No. 2:10-mc-00023-RTR;
- *Tobin v. Beer Capitol Distributing Inc et al*– E.D. Wis. Case No. 2:12-cv-00274-CNC;
- *McKinney et al v. Med Group Transportation, LLC et al*– E.D. Wis. Case No. 2:13-cv-00222-JPS;
- *Hernandez v. La Fuente Ltd et al*– E.D. Wis. Case No. 2:13-cv-00366-RTR;
- *Singleton v. Lenikman*– E.D. Wis. Case No. 2:13-cv-00882-CNC;
- *Beltran v. Maxfield's LLC et al*– E.D. Wis. Case No. 2:13-cv-01043-LA;
- *Trujillo et al v. Saelens Corporation*– E.D. Wis. Case No. 2:13-cv-01096-JPS;
- *Beierle v. BR Metal Technology*– E.D. Wis. Case No. 2:13-cv-01280-CNC;
- *Coleman et al v. Midwest Medical Transport LLC et al*– E.D. Wis. Case No. 2:13-cv-01370-JPS;
- *Adams et al v. Walgreen Co*– E.D. Wis. Case No. 2:14-cv-01208-JPS;
- *Webb v. Midwestern Wheels, Inc. et al*– E.D. Wis. Case No. 1:15-cv-01538-WCG;
- *Whitfield v. City Wide Transit Inc et al*– E.D. Wis. Case No. 2:15-cv-00087-PP;

- *Alba et al v. Universal Windows Direct of Wisconsin Inc et al*– E.D. Wis. Case No. 2:15-cv-00090-PP;
- *Schlei v. CH2M Hill Inc*– E.D. Wis. Case No. 2:15-cv-00350-CNC;
- *Esteves et al v. El Beso Mexican Restaurante LLC et al*– E.D. Wis. Case No. 2:15-cv-00484-LA;
- *Ordonez v. POP Manufacturing Inc et al*– E.D. Wis. Case No. 2:15-cv-00823-JPS;
- *Hanson v. Helgesen Industries Inc*– E.D. Wis. Case No. 2:15-cv-00878-DEJ;
- *Johannsen v. Lyall Manufacturing WI Inc*– E.D. Wis. Case No. 2:15-cv-00897-DEJ;
- *Johannsen v. Argon Industries Inc*– E.D. Wis. Case No. 2:15-cv-01080-JPS;
- *Wolfe et al v. SL Management Services LLC et al*– E.D. Wis. Case No. 1:16-cv-00139-WCG;
- *Rossman v A R M Corporation et al*– E.D. Wis. Case No. 1:16-cv-00493-WCG;
- *Meetz v. Wisconsin Hospitality Group LLC*– E.D. Wis. Case No. 1:16-cv-01313-WCG;
- *Stevens v. Oval Office LLC et al*– E.D. Wis. Case No. 1:16-cv-01419-WCG;
- *Thompson v. Carma Laboratories Inc*– E.D. Wis. Case No. 2:16-cv-00030-DEJ;
- *Nuchell v. Cousins Submarines Inc*– E.D. Wis. Case No. 2:16-cv-00232-PP;
- *Demeuse v. Community Traffic Control LLC*– E.D. Wis. Case No. 2:16-cv-00651-¶ ;
- *Brandt v. WSB Grafton Inc et al*– E.D. Wis. Case No. 2:16-cv-01588-PP;
- *Yu v. Millwood Inc*– E.D. Wis. Case No. 2:17-cv-00324-NJ;
- *Pintor v. Fall River Group Inc*– E.D. Wis. Case No. 2:17-cv-00865-PP; and

11. *Pintor v. Hypro Inc et al*– E.D. Wis. Case No. 2:17-cv-00890-PP.

12. I have also successfully argued a novel issue before the Seventh Circuit Court of Appeals broadening the application of the federal doctrine of successor liability to claims under the FLSA. *Teed v. Thomas & Betts Power Solutions, LLC*, 711 F.3d 763 (7th Cir. 2013). In fact, during the litigation of this matter, a motion to compel was filed before the Eastern District of Wisconsin - *Teed v. JT Packard & Associates, Inc., et al.*, 2:2010-mc-00023-RTR (E.D. Wis. September 28, 2010) (granting an award of $8,706.25 for fees and costs on a motion to compel a deposition). In that litigation, Judge Rudolph T. Randa granted my request for an attorneys' fee rate of $295.00. Later in the action, on petition for fees and costs, the defendants did not dispute this same hourly rate for my work on a wage and hour matter. *Teed v. Thomas & Betts Power Solutions,* 3:08-cv-00303-bbc, ECF No. 177 (August 20, 2012).

13. I regularly represent clients in Wisconsin trial and appellate courts throughout the state, in various administrative fora such as the Wisconsin Department of Workforce Development, and in the Federal District Courts for the Eastern and Western Districts of Wisconsin.

14. Since approximately the beginning to 2010, through the end of my employment at Cross Law Firm, S.C., the hourly rate I charged clients was $295 per hour. This is the rate I charge, and hourly clients pay, for work on employment and wage and hour matters. When I left Cross Law Firm, S.C., the managing partner charged $395 per hour, and associates charged between $225 and $325 per hour. At

that time, new associates, who had just graduated from law school, charged $225 per hour for their time.

15. Since March 2013, I have worked for Hawks Quindel, S.C. as an associate attorney, and subsequently as a shareholder attorney, working almost exclusively on wage and hour matters. The hourly rate I charged clients as an associate was $300 per hour. This rate was used for both contingent and hourly clients. Since 2015, hourly clients of Hawks Quindel, whose matters I work on, pay $350 for my work.

16. Through my involvement in the Wisconsin legal community, through my employment with two of the major labor and employment law firms in Milwaukee, and particularly through my interactions with other attorneys who practice in the area of labor and employment law, I have become familiar with the rates attorneys in Southern Wisconsin charge for their work.

17. The rates charged by Hawks Quindel, S.C. for the work I perform, along with the work performed by Summer H. Murshid ($350), Timothy P. Maynard ($275) and Claire G. Roehre ($200), are reasonable and within the market rate.

18. In 2014, in connection with the *Schneider v. Kolnik Trucking, Inc. et al.* fee petition, I surveyed the rates charged by similar law firms in the Milwaukee area doing similar work. 2:13-cv-01357-WEC, ECF Nos. 19-28. I found hourly rates ranging up to $475 per hour:

a. Alan Olson and Associates - $240 to $350 - 2:13-cv-01357-WEC, ECF 25;

b. Peterson, Berk & Cross, S.C. - $195 to $300 - 2:13-cv-01357-WEC, ECF 26;

c. Walchesk & Luzi, LLC - $175 to $270 - 2:13-cv-01357-WEC, ECF 24;

d. Heins & Minko - $200 to $475 - 2:13-cv-01357-WEC, ECF 22;

e. Law Office of Art Heitzer – 320 - 2:13-cv-01357-WEC, ECF 20;

f. Enochs Law Firm - $275 - 2:13-cv-01357-WEC, ECF 27; and

g. First, Albrecht & Blondis, S.C. - $150 to $400 - 2:13-cv-01357-WEC, ECF 19.

19. During my initial meeting with Mr. Dwaylon Alexander, he and Hawks Quindel agreed to a contingent fee arraignment, under which Hawks Quindel would receive an award of attorneys' fees as determined by the Court or agreed through settlement as compensation for services performed. Under the agreement, Hawks Quindel agreed to maintain records of the hours worked on the matter as attorneys for Hawks Quindel do in the normal course of business – contemporaneously in one-tenth of an hour increments. Moreover, under the agreement, Hawks Quindel agreed to request from the Court an award of attorneys' fees at the rate those attorneys charge their hourly clients.

20. The attorneys at Hawks Quindel, S.C. maintain contemporaneous records of the hours they work on various matters by policy and regardless of whether the client will be billed hourly or if the agreement is a contingent agreement. Records are maintained to the tenth of an hour with a detailed

description of the services performed. *See* Exhibit A. Hawks Quindel, S.C. charges its clients for travel time for court appearances, meetings with clients, depositions, and other required travel. Hawks Quindel, S.C. also charges its clients for disbursements as a matter of course, including postage, photocopying or other duplication, filing fees, transcript fees and other similar disbursements which arise during litigation. I, along with the other attorneys at Hawks Quindel, S.C., use billing judgment when recording hours worked.

21. The hourly rates for attorneys at Hawks Quindel, S.C. range from $200 to $450 for labor and employment law work. Hawk Quindel, S.C. focuses on labor and employment matters representing employees exclusively.

22. To date, Alexander's fees and costs are $13,749.61.

23. Attached as Exhibit A to this declaration is a Verified Statement of Attorneys' Fees.

24. Attached as Exhibit B to this declaration is a Verified Statement of costs.

25. To date, Alexander's Counsel has spent over 52.9 billable hours on this matter investigating, reviewing payroll and time records, calculating damages, attempting to negotiate a settlement with RJH, exchanging communications with RJH, drafting and filing a complaint, further attempts to negotiate with RJH, moving for default, and moving for a default judgment.

26. The weighted average hourly rate requested by Alexander's Counsel is $249.28 ($13,187 in fees divided by 52.9 hours worked).

Executed this 2nd day of March, 2018.

s/LARRY A. JOHNSON
Larry A. Johnson