Hawks Quindel s.c.
ATTORNEYS AT LAW

MILWAUKEE OFFICE
222 E. Erie Street, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
PH: 414-271-8650 FAX: 414-271-8442

**CONFIDENTIAL SETTLEMENT COMMUNICATION:**
**INADMISSIBLE PURSUANT TO FED. R. EVID. 408 and MRE 408**

November 1, 2017

*VIA USPS AND EMAIL*
*(rjhtransportation@gmail.com)*

RJH Transportation LLC, et al. and Mr. Robert Sibert
33150 Schoolcraft Road, Suite 102
Livonia, MI 48150

**RE: Dwaylon Alexander**

Dear Mr. Sibert:

On August 31, 2017, a lawsuit was filed against Defendants RJH Transportation LLC, RJH Couriers LLC, and yourself in the United States District Court for the Eastern District of Michigan - *Dwaylon Alexander v. RJH Transportation LLC, et al.*, Case No. 2:17-cv-12892-MOB-RSW.

Pursuant to the Federal Rules of Civil Procedure Rule 12, Defendants must serve on the Plaintiff an answer 21 days after service of the Summons in a Civil Action. Defendants were served with the Summons on September 5, 2017. Defendants' Answer was due on September 26, 2017; Defendants are now in default.

As of today's date, Defendants have not filed an answer. Consequently, Plaintiff Alexander is drafting a Motion for Default Judgment against all Defendants for failure to answer Plaintiff's Complaint. As outlined in our previous correspondence, it is our client's belief that it would be in both parties' interest to resolve this matter without the expenses of litigation and rapidly increasing attorney's fees and costs.

To that, if you would like to discuss resolution of this matter, please call me at (414) 271-8650. Otherwise, we will move forward with moving for default judgment.

Sincerely,
**HAWKS QUINDEL, S.C.**

Larry A. Johnson
Attorney at Law
ljohnson@hq-law.com

LAJ/cr
Enclosures

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DWAYLON ALEXANDER,
Plaintiff,
v.

RJH TRANSPORTATION, LLC,
and
RJH COURIERS, LLC,
and
ROBERT SIBERT,
Defendants.

Case No. 17-CV-12892

Hon. ____________________

Magistrate ______________

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Plaintiff Dwaylon Alexander brings this action against his former employers, RJH Transportation, LLC, RJH Couriers, LLC, and Robert Sibert for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and the Michigan Worker Opportunity Wage Act ("MWOW Act") arising out of his employment with Defendants RJH Transportation, LLC, RJH Couriers, LLC, and Robert Sibert. During his employment with Defendants RJH Transportation, LLC, RJH Couriers, LLC, and Robert Sibert, Plaintiff Alexander was not compensated at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of the FLSA or, in the alternative, the MWOW Act.

2. Plaintiff Alexander brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back

pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. In the alternative, Plaintiff Alexander brings this action pursuant to the MWOW Act, for purposes of obtaining relief for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Defendants RJH Transportation, LLC, RJH Couriers, LLC, and Robert Sibert's willful, dilatory, and unjust failure to compensate Plaintiff Alexander at one and one-half times his regular rate for hours worked in excess of forty in a given workweek violates the FLSA or, alternatively, the MWOW Act.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Michigan because a substantial part of the events giving rise to the claims occurred within the District and Defendants RJH Transportation, LLC, RJH Couriers, LLC, and Robert Sibert have substantial and systematic contacts in this District.

## PARTIES

7. Defendant RJH Transportation, LLC ("RJH Transportation") is a Michigan Limited Liability Company with a principal place of business located in Livonia, Michigan. RJH Transportation's registered agent for service of process in the State of Michigan is Herman Graves located in Livonia, Michigan.

8. Defendant RJH Couriers, LLC ("RJH Couriers") is a Michigan Limited Liability Company with a principal place of business located in Livonia, Michigan. RJH Courier's registered agent for service of process in the State of Michigan is Robert Sibert located in Livonia, Michigan.

9. Defendant Robert Sibert ("Sibert") is an adult resident of Oakland County in the State of Michigan. Sibert is the owner of RJH Transportation and RJH Couriers and has had operational control over all aspects of RJH Transportation – including compensation and human resources policies and practices applicable to Plaintiff Dwaylon Alexander – at all times relevant to this matter.

10. Defendants RJH Transportation, RJH Couriers, and Mr. Sibert are joint employers, doing business as RJH Transportation, and are collectively referred to hereinafter as "Defendants" or "RJH Transportation."

11. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Alexander's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

12. Plaintiff Dwaylon Alexander ("Alexander") is an adult resident of Wayne County in the State of Michigan. Plaintiff Alexander formerly worked as a driver for Defendants at times since June 1, 2015.

## GENERAL ALLEGATIONS

13. Defendants operate and/or operated RJH Transportation – a transportation company located in Livonia, Michigan – at times since September 1, 2014.

14. Since June 1, 2015, Defendant Sibert has had operational control over RJH Transportation, including control over RJH Transportation's practices and policies regarding hours worked and payroll that applied to Plaintiff Alexander.

15. Plaintiff Alexander signed a written Agreement with Defendants, the duration of which lasted for one year with automatic renewals unless amended or terminated in writing.

16. The Agreement, titled "Independent Contractor Agreement," listed the terms and conditions of Plaintiff Alexander's employment with Defendants, including:

- Plaintiff was required to abide by the "Policies and Procedures" of Defendants;
- Plaintiff was required to transport clients, in a timely, courteous, and professional manner, to medical appointments on behalf of Defendants using his best efforts not to divert, diminish, or dilute the business reputation and goodwill of Defendants and any/all accounts of Client Organizations that are interacted with;
- Plaintiff was required to keep Defendants updated of any progress, problems, and/or developments regarding any of the services Plaintiff Alexander provided to Defendants customers;

- Plaintiff was required to adhere to a dress code, enforced by Defendants.

17. From approximately June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was employed as a driver by Defendants.

18. From approximately June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander's job duties included providing transportation services to and from medical appointments for Defendants' clients.

19. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander did not control his own hours of work.

20. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander did not have control or influence of the type of work he performed for Defendants.

21. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander reported directly to Defendant Sibert and his wife Jennifer Sibert, who held the title of Office Administrator. Both Defendant Sibert and his wife granted or denied requests for vacation, sick time and other leave with Defendant Sibert having the ultimate say.

22. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was paid between $9.00 and $12.00 per hour for all hours worked.

23. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander regularly worked 60 to 70 hours in a workweek.

24. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, Defendants suffered or permitted Plaintiff Alexander to work in excess of forty hours in various workweeks.

25. Despite suffering or permitting Plaintiff Alexander to work in excess of forty hours in various workweeks between June 1, 2015 to approximately September 13, 2016, Defendants regularly failed to compensate Plaintiff Alexander at a rate of one and one-half times his regular rate for hours worked in excess of forty in a given workweek.

26. For example, for the pay period beginning on November 30, 2015 and ending on December 13, 2015, Defendants compensated Plaintiff Alexander for 113.45 hours of work at rate of $12.00 per hour without any additional pay for overtime premium compensation for the hours he worked over forty in that workweek.

27. During the course of his employment for Defendants between June 1, 2015 to approximately September 13, 2016, pursuant to a signed Agreement, Plaintiff Alexander was unable to promote or perform specified services for any other Agency or entity that is in the same or similar business as Defendants.

28. As a result of Defendants' actions as alleged herein, Defendants failed to compensate Plaintiff Alexander all overtime wages earned for hours worked in

excess of forty in a given workweek in violation of the FLSA or, alternatively, the MWOW Act.

29. Defendants' actions as alleged herein were willful, dilatory, and unjust and have deprived Plaintiff Alexander of all compensation owed to him pursuant to the FLSA or, alternatively, the MWOW Act.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act – Unpaid Overtime**

30. Plaintiff Alexander reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

31. Between approximately June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of RJH Transportation.

32. Between approximately June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of RJH Couriers.

33. Between approximately June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Defendant Sibert.

34. Between approximately June 1, 2015 to approximately September 13, 2016, RJH Transportation was an employer of Plaintiff Alexander within the meaning of the FLSA, 29 U.S.C. § 203(d).

35. Between approximately June 1, 2015 to approximately September 13, 2016, RJH Couriers was an employer of Plaintiff Alexander within the meaning of the FLSA, 29 U.S.C. § 203(d).

36. Between approximately June 1, 2015 to approximately September 13, 2016, Defendant Sibert was an employer of Plaintiff Alexander within the meaning of the FLSA, 29 U.S.C. § 203(d).

37. Between approximately June 1, 2015 to approximately September 13, 2016, RJH Transportation was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

38. Between approximately June 1, 2015 to approximately September 13, 2016, RJH Couriers was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

39. Between approximately June 1, 2015 to approximately September 13, 2016, Sibert was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

40. Between approximately June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

41. Plaintiff Alexander is a victim of Defendants' compensation policies and practices in violation of the FLSA, by Defendants' failure to compensate Plaintiff Alexander for all work performed over forty hours in a given workweek at

one and one-half times his regular rate in any given workweek since June 1, 2015 to approximately September 13, 2016.

42. Defendants' failure to properly compensate Plaintiff Alexander was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Alexander is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff Alexander is entitled to an award of pre-judgment interest at the applicable legal rate.

44. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff Alexander for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

45. Pursuant to 29 U.S.C. § 216(b), Plaintiff Alexander is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

**SECOND ALTERNATIVE CLAIM FOR RELIEF**
**Violations of MWOW Act – Unpaid Overtime Wages**

46. Plaintiff Alexander reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

47. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was

entitled to the overtime pay rights and protections enumerated in the MWOW Act, Mich. Comp. Laws §§ 408.412 *et seq.*

48. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, Plaintiff Alexander was an employee of Defendants pursuant to Mich. Comp. Laws § 408.412(c).

49. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, Defendant RJH Transportation was an employer of Plaintiff Alexander pursuant to Mich. Comp. Laws § 408.412(d).

50. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, Defendant RJH Couriers was an employer of Plaintiff Alexander pursuant to Mich. Comp. Laws § 408.412(d).

51. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, Defendant Sibert was an employer of Plaintiff Alexander pursuant to Mich. Comp. Laws § 408.412(d).

52. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, RJH Transportation has employed Plaintiff Alexander pursuant to Mich. Comp. Laws § 408.412(b).

53. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, RJH Couriers has employed Plaintiff Alexander pursuant to Mich. Comp. Laws § 408.412(b).

54. At all times while Plaintiff Alexander worked at RJH Transportation since June 1, 2015 to approximately September 13, 2016, Defendant Sibert has employed Plaintiff Alexander pursuant to Mich. Comp. Laws § 408.412(b).

55. Defendants violated Mich. Comp. Laws § 408.414(a)(1) by failing to pay Plaintiff Alexander overtime compensation at one and one-half times his regular rate of pay for all hours worked in excess of forty in any given workweek during the course of his employment at RJH Transportation since June 1, 2015 to approximately September 13, 2016.

56. Pursuant to Mich. Comp. Laws § 408.419(1)(a), Plaintiff Alexander is entitled to damages in the amount of his unpaid overtime wages for each workweek he worked in excess of forty hours for Defendants since the start of his employment for Defendants – approximately June 1, 2015.

57. Pursuant to Mich. Comp. Laws § 408.419(1)(a), Plaintiff Alexander is entitled to liquidated damages in an amount equal to his unpaid overtime wages for each workweek he worked in excess of forty hours for Defendants since the start of his employment for Defendants – approximately June 1, 2015.

58. Pursuant to Mich. Comp. Laws § 408.419(1)(a), Plaintiff Alexander is entitled to recovery of costs and reasonable attorneys' fees incurred through this action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Alexander respectfully prays that this Court grant the following relief:

a) An Order finding that Defendants violated the FLSA or, alternatively, the MWOW Act in failing to pay Plaintiff Alexander at one and one-half times his regular rate for hours worked in excess of forty in a given workweek;

b) An Order finding that Defendants violations of the FLSA or, alternatively, the MWOW Act were willful, dilatory, and unjust;

c) Judgment against Defendants in the amount equal to the Plaintiff's unpaid wages at the applicable overtime rates for all time spent performing work for which Plaintiff was not paid pursuant to the rate mandated by the FLSA or, alternatively, the MWOW Act;

d) An award in the amount of all liquidated damages and/or civil penalties available to Plaintiff Alexander as provided under the FLSA or, alternatively, the MWOW Act;

e) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

f) Such other relief as the Court deems just and equitable.

Dated this 31st day of August, 2017.

Respectfully submitted,

*s / Summer H. Murshid*
Summer H. Murshid
Wis. Bar No. 1075404

Larry A. Johnson
Wis. Bar No. 1056619
Timothy P. Maynard
Wis. Bar No. 1080953

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s): smurshid@hq-law.com
ljohnson@hq-law.com
tmaynard@hq-law.com

Brian H. Mahany
**Mahany Law**
P.O. Box 511328
Milwaukee WI 53202
Phone: 414-258-2375
Fax: 414-777-0776
Email: brian@mahanylaw.com

**Attorneys for Plaintiff**

**Certificate of Service**

I hereby certify that on August 31, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing, and I hereby certify that I have delivered by service of process the foregoing documents.

*s / Summer H. Murshid*
Summer H. Murshid
Wis. Bar No. 1075404
**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s): smurshid@hq-law.com
ljohnson@hq-law.com
tmaynard@hq-law.com

AO 440 (Rev. 06/12) Summons in a Civil Action

## PROOF OF SERVICE

*(This section should not be filed with the Court unless required by Fed. R. Civ. P. 4(l))*

Case No. 2:17-cv-12892-MOB-RSW

This summons for *(name of individual and title, if any)* Robert Sibert
was received by me on *(date)* September 5th 2017

[ x] I personally served the summons on the individual at *(place)* RJH Couries LLC.
33150 Schoolcraft #102 Livonia, Mi on *(date)* September 18th 2017 ; or

[ ] I left the summons at the individual's residence or usual place of abode with *(name)* ______
______ a person of suitable age and discretion who resides there,
on *(date)* ______, and mailed a copy to the individual's last known address; or

[ ] I served the summons on *(name of individual)* ______, who is
designated by law to accept service of process on behalf of *(name of organization)* ______
______ on (date) ______ ; or

[ ] I returned the summons unexecuted because ______ ; or

[ ] Other: *(specify)*: ______

My fees are $ ______ for travel and $ ______ for services, for a total of $ ______.

I declare under the penalty of perjury that this information is true.

Date: September 18th 2017

[signature]
*Server's Signature*

Jerry Rosner Process Server
*Printed Name and Title*

18640 Mack Ave # 611 Detroit, Mi 48236
*Server's address*

Additional information regarding attempted service, etc.:

AO 440 (Rev. 06/12) Summons in a Civil Action

## PROOF OF SERVICE

*(This section should not be filed with the Court unless required by Fed. R. Civ. P. 4(l))*

Case No. 2:17-cv-12892-MOB-RSW

This summons for *(name of individual and title, if any)* RJH Couriers LLC.
was received by me on *(date)* September 5th 2017

[ X] I personally served the summons on the individual at *(place)* 33150 Schoolcraft Rd. #102 Livonia Mi 48150 on *(date)* September 18, 2017 ; or

[ ] I left the summons at the individual's residence or usual place of abode with *(name)* ______________ a person of suitable age and discretion who resides there, on *(date)* ______________, and mailed a copy to the individual's last known address; or

[ ] I served the summons on *(name of individual)* ______________, who is designated by law to accept service of process on behalf of *(name of organization)* ______________ on (date) ______________ ; or

[ ] I returned the summons unexecuted because ______________ ; or

[ ] Other: *(specify)*: ______________

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under the penalty of perjury that this information is true.

Date: September 18th 2017

[signature]
*Server's Signature*

Jerry Rosner Process Server
*Printed Name and Title*

18640 Mack Ave. #611 Detroit, Mi 48236
*Server's address*

Additional information regarding attempted service, etc.:

AO 440 (Rev. 06/12) Summons in a Civil Action

## PROOF OF SERVICE

*(This section should not be filed with the Court unless required by Fed. R. Civ. P. 4(l))*

Case No. 2:17-cv-12892-MOB-RSW

This summons for *(name of individual and title, if any)* RJH Transportation LLC
was received by me on *(date)* September 5th 2017

[ X] I personally served the summons on the individual at *(place)* 33150 Schoolcraft Rd #102 Livonia, Mi on *(date)* September 18th 2017 ; or

[ ] I left the summons at the individual's residence or usual place of abode with *(name)* ________ a person of suitable age and discretion who resides there, on *(date)* ________, and mailed a copy to the individual's last known address; or

[ ] I served the summons on *(name of individual)* ________, who is designated by law to accept service of process on behalf of *(name of organization)* ________ on (date) ________ ; or

[ ] I returned the summons unexecuted because ________ ; or

[ ] Other: *(specify)*: ________

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________.

I declare under the penalty of perjury that this information is true.

Date: September 18th 2017

Server's Signature

Jerry Rosner Process Server
Printed Name and Title

18640 Mack Ave #611 Detroit, Mi. 48236
Server's address

Additional information regarding attempted service, etc.: