**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**DWAYLON ALEXANDER,**
**Plaintiff,**
**v.**

**RJH TRANSPORTATION LLC,**
**and**
**RJH COURIERS LLC,**
**and**
**ROBERT SIBERT,**
**Defendants.**

**Case No. 17-CV-12892-MOB-RSW**

**Hon. Marianne O. Battani**

**DECLARATION OF DWAYLON ALEXANDER**

I, Alexander Dwaylon, make this declaration on personal knowledge and certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all of the following is true and correct to the best of my knowledge and recollection:

1. I am an adult resident of the State of Michigan and currently reside in Wayne County.

2. I was formerly employed as a Driver by RJH Transportation LLC, RJH Couriers LLC, and Robert Sibert (collectively "RJH"), located at 33150 Schoolcraft Road, Suite 102, Livonia, Michigan 48150.

3. I began working at RJH as a Driver on approximately June 1, 2015 and continued to work as a Driver until approximately September 13, 2016.

4. While working as a Driver for RJH, I was initially paid $9.00 per hour. Based on my recollection, I received a raise from $9.00 per hour to $10.00 per hour for the pay period ending July 26, 2015. I received an additional raise from $10.00

per hour to $12.00 per hour for the pay period ending October 4, 2015.

5. When I worked more than forty hours in a workweek for RJH, I was paid my hourly rate without any overtime premium compensation.

6. Attached, as Exhibit A to this Declaration, is a Damages Model in which I calculated the unpaid overtime wages in this matter.

a. The column titled "Workweek Ending" represents the workweeks during my employment with RJH.

b. The column titled "Pay Date" represents the date RJH paid me.

c. The column titled "Hours Worked From Time Sheet" represents the hours that I recorded on my timesheets. See Exhibit B to this Declaration for true and correct copies of those time sheets.

d. The column titled "Hours Worked From Paystubs" represents the hours which I was paid in a two week period from paystubs for the pay periods ending October 4, 2015, April 3, 2016, April 17, 2016, and July 10, 2016. See Exhibit C to this Declaration for true and correct copies of those paystubs.

e. The column titled "Bank Deposits" represents the dollar amount I was paid according to my bank deposits. On September 25, 2015, I deposited $942.11; on March 11, 2016, I deposited $1,000.00; on March 25, 2016, I deposited $1,567.00; on April 8, 2016, I deposited 1,443.40; and on August 26, 2016, I deposited $1,390.15.

f. The column titled "Hours Worked" represents my best estimate of

the hours I worked each workweek based on my timesheets, paystubs, and/or bank deposits.

g. The column titled "Hours Over Forty" represents the number of hours I worked over forty as recorded in the "Hours Worked" column.

h. The column titled "Hourly Rate" represents my recollection of my hourly rate.

i. The column titled "Overtime Premium Rate" represents one-half of the "Hourly Rate" column.

j. The column titled "Unpaid Overtime" represents the "Overtime Premium Rate" column multiplied by the "Hours Over Forty" column.

7. Because I did not have Time Sheets (Exhibit B) for all workweeks I was employed by RJH, I used other information to determine the number of hours I worked for RJH.

a. For the workweeks in the pay periods ending on October 4, 2015, April 3, 2016, April 17, 2016, and July 10, 2016, the "Hours Worked" column is one-half the number of hours recorded on my Paystubs (*See* Exhibit C).

b. For the workweeks in the pay periods ending September 25, 2015, March 11, 2016, March 25, 2016, and April 8, 2016, I took the amount of compensation I was paid based on my bank deposit

records, multiplied that by 1.105018, and divided it by my then hourly rate to calculate the number of hours worked in that pay period. In those workweeks, the "Hours Worked" column is one-half of the number I calculated. 1.105018 is the average difference between the gross and net amounts recorded on my paystubs. (*See* Exhibit C.)

c. I have no records to base the hours I worked during the workweeks ending January 17, 2016, January 24, 2016, January 31, 2016, and February 7, 2016. I did work during those workweeks for RJH. Therefore, I took an average of the hours worked in the workweeks ending January 3, 2016, January 10, 2016, February 14, 2016, and February, 21, 2016, which was 54.75 hours and recorded that number in the "Hours Worked" Column.

8. Based on the review of my time and payroll records as well as my direct payroll bank deposits, and based on the above information, RJH failed to pay me overtime wages in the amount of $6,861.35.

9. When that number is doubled, on account of liquidated damages, it becomes $13,722.70 in total unpaid overtime damages, not including attorneys' fees and costs.

I make the foregoing statements upon personal knowledge, based on my own experience and my observations. If sworn as a witness, I could and would testify to the facts contained in this declaration. Pursuant to 28 U.S.C. § 1746, I declare

under penalty of perjury that the foregoing is true and correct.

Executed this 2/27/2018 date of February, 2018.

DocuSigned by:
Dwaylon Alexander
8495C5756569490...
Alexander Dwaylon